UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEITH HOPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:13 CV 360 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Keith Hopson, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In MCF #12-11-0168, a hearing officer found Hopson guilty of threatening staff, resulting in the loss of earned-time credits and a credit-class demotion. (DE # 4-3 at 1.) The charge was initiated on November 15, 2012, when Officer A. Valdez wrote a conduct report stating as follows:

> On the above date and approximate time (11-15-2012 Approx. 12:00 pm) I received a letter from offender Hopson DOC# 121131, in which he makes threatening remarks concerning another officer.
>
> On 9/17/2012 offender Hopson wrote a grievance regarding an Officer whom he thought had been disrespectful to him. After investigating the occurrence, I wrote a response to this offender in regards to the incident that occurred between him and the Officer. Offender Hopson was not satisfied with his grievance response, and made threatening suggestions towards Officer Rayle stating that if something ever happens like this again he would take matters into his own hands, and also promises to do so even if it takes getting the news involved. A copy of his letter, along with the grievance is attached.

(DE # 4-1 at 1.) Hopson's letter, attached to the conduct report, stated as follows:

> I am writing you in response concerning the outcome of the grievance that was filed by me against ofc. Rayle, because it seems to me that all of you guys, meaning custody, are going to lie, sweep, and cover up for each other. I specificly [sic] told you that I have a list full of witnesses who saw the whole situation while it was occurring and you did not even get into contact with me what so ever to investigate this matter throughroughly [sic]. My whole [illegible] that I work with saw this. Of course he is going to lie and deny what he did. He's a lier [sic] and you are not even taking it seriously. This is why [illegible] because when we do report something it never gets held accountable. So basically officers can do what they want to do around here and then just manipulate around the thruth [sic]. I am very pissed because I honestly did not do anything and I did not deserve that, but it is kool I know how to handle this matter if something like this ever happens again because I will not be disrespected like that anymore. I can promise you even if it means whatever and getting the News involved. I am trying to do the right thing, mind my own, stay out of the way, and do my time in peace, but things like that make it hard for people like myself trying 2 change their way of thinking. Thanks 4 nothing.

(DE # 4-1 at 2.)

On November 19, 2012, Hopson was formally notified of the charge and given a copy of the conduct report. (DE ## 4-1, 4-2.) He pled not guilty, requested a lay advocate, and did not request any witness statements or physical evidence. (DE ## 4-2 at 1.) He also waived the 24-hour notice requirement. (*Id.*) Later that same day, the hearing officer conducted a hearing on the charge. (DE # 4-3.) Hopson argued that he had not actually said anything threatening, and that he only meant he was going to get the news media and his "people" involved if anyone bothered him in the future. (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.* at 1.) His administrative appeals were denied (DE ## 4-4, 4-5), and he then filed this petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Hopson argues that the statements in his letter were not meant to be threatening. (DE # 1 at 4-5.) This can be construed as an attack on the sufficiency of the evidence. In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). A habeas court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence to support the hearing officer's determination that Hopson was guilty of threatening. Under Indiana Department of Correction ("IDOC") disciplinary rules, the offense of threatening is defined as follows:

> 1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
> 2. Communicating a plan to cause damage to or loss of that persons or another person's property.
> 3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

(DE # 4-6 at 4.) Here, the record shows that Hopson wrote a letter complaining about an incident with Officer Rayle,[1] as well as Officer Valdez's response to his grievance about the incident. It is quite clear from this letter that Hopson was angry and felt he had been disrespected by the officers. The statements at the end of his letter could reasonably be interpreted as communicating an intention to take matters into his hands, through violence or intimidation, if Officer Rayle or another officer mistreated him in the future.

Hopson does not deny writing the letter, but states that he only meant he was going to contact the news media if anyone bothered him in the future. Although the wording of his letter is somewhat vague, a veiled threat is still a threat. Even if Hopson's letter might be open to another interpretation, this does not mean his due process rights were violated when the hearing officer concluded that the letter was threatening. To be constitutionally adequate, the evidence need not point to only one

---

[1] In describing the underlying incident, Hopson stated that Officer Rayle made a rude comment to him about his hat. Hopson claims he "nicely" asked the officer, "Why do you constantly fuck with folks and disrespect them while working the yard[?]" (DE # 4-1 at 5.)

logical conclusion; rather, the question is whether there is some evidence to support the hearing officer's determination. Based on the record, the court cannot say that the hearing officer's finding of guilt was arbitrary or without evidentiary support. *See Hill*, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report alone provided some evidence to support disciplinary determination). Accordingly, this claim is denied.

In his traverse, Hopson also suggests that he was denied his right to an impartial decision-maker. (DE # 5 at 4.) This claim was not raised in his petition, and a traverse is not the place to be asserting new claims for the first time. *See* RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Regardless, he has not demonstrated a due process error. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and the constitutional standard for improper bias is high. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Due process is violated if a prison official who is substantially involved in the underlying incident also acts as a decision-maker. *Id.*; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

Hopson does not argue—nor is there any indication from the record—that the hearing officer was involved in the underlying incident leading to the disciplinary charge. Instead, he argues that the hearing officer had a "conflict of interest" because he also formally notified him of the charge at screening. (DE # 5 at 4.) Even if this is true, the court cannot discern how this would establish the type of bias that violates federal due process, since there is nothing to reflect that the hearing officer prejudged Hopson's guilt or otherwise permitted improper factors to influence his decision-making. *See Piggie*, 342 F.3d at 666. Hopson appears to argue that this violated IDOC policy, but a violation of prison policy would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief cannot be granted for violations of state law); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (claim premised on violation of prison policy was not cognizable in federal habeas proceeding). Accordingly, this claim is denied.

For these reasons, the petition (DE # 1) is **DENIED**.

**SO ORDERED.**

Date: January 10, 2014

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT